## FRANK YOUNG v. STATE.

No. A.-7232.   Opinion Filed April 19, 1930.
(287 Pac. 1088.)

W. R. Withington, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was by information charged jointly with Al Edwards of the crime of burglary in the second degree, was tried separately, convicted, and sentenced to imprisonment in the state penitentiary for a period of five years, and the case is here on appeal.

The testimony on behalf of the state, in substance, is that Al Edwards and the defendant were charged with going to the home of a negro woman, Verna Stewart, living in a servants' house at 205 West Seventeenth street in Oklahoma City, on Saturday night, March 10, 1928, between the hours of 8 and 11 o'clock, and taking away certain property consisting of ladies' dresses and other wearing apparel.   Al Edwards, who was jointly charged with the defendants, took the police officer to various places in the east part of Oklahoma City, known as the negro section, and located several dresses that had been taken from

the Verna Stewart home. Mary Smith, a negro woman who was running a rooming house at 701 East First street, Oklahoma City, stated the defendant Frank Young and Al Edwards came to her rooming house carrying a woman's large hat box; the defendant and Al Edwards occupied the same room Friday night and came back Saturday night; on Sunday some of the clothes taken from the Stewart woman were sold to various negro women by Al Edwards. Edwards in his testimony claims the defendant Young gave him the clothes and told him to sell them; that they belonged to his wife. The defendant Young testified that he knew nothing about the property, and that he at no time had possession of the hat box that was taken from the colored woman by the name of Arthedia Fisher.

The testimony on behalf of the state tends to show that when Young was arrested he had in his possession a pair of tortoise shell eyeglasses that belonged to the Fisher woman, whose house had been broken into on Friday night. Mary Smith, the woman at whose home the defendants spent the night Friday night, testified that the defendant Young had the hat box; that the defendants did not pay for their room the next morning, but left the hat box with her for her pay; that the defendant Young left the house that morning and did not come back until night; that Young worked for her during Saturday night.

The testimony of the Stewart woman shows that her house was robbed between 8 and 11 o'clock on Saturday night, March 10, 1928, and the testimony of Mary Smith shows that the defendant Edwards returned to her house about 11 o'clock Saturday night; that Edwards came in with a bundle and put it in the hat box. Edwards says he did not see Young during the day or evening of March 10th, until about 11 o'clock, when he returned to Mary

Smith's home. Young denies having the hat box when he came to her home on Friday night to rent a room.

The testimony further shows that the defendants did not know each other until the evening of March 9, 1928, when they met in some shop or restaurant near Mary Smith's and decided to go down to Mary Smith's and get a room together. The defendant Edwards claims to have known Mary Smith in Shawnee. There is no dispute in the record that the defendants went to Mary Smith's home together, and that they had the hat box shown to have been stolen from a colored woman by the name of Arthedia Fisher. When the defendant Young was arrested, the eyeglasses of the Fisher woman were found in his possession. His testimony is that he bought the eyeglasses from a man while the defendant was in Mr. Gilstrap's office in the Legion headquarters.

Mary Smith testified that the defendant Young did not come back for the hat box or say anything about it, that he did not offer to sell her the clothes, and that she did not try any of them on. The defendant Edwards testified that she did try on one of the dresses. The circumstances surrounding these defendants, and the fact that they were at Mary Smith's home Friday night and back again Saturday night, tends to show they were operating together.

The defendant in this case alleges several errors as grounds for reversal of this case. He insists that the court erred in overruling his motion for a new trial, that the verdict of the jury is contrary to the law and not supported by the evidence, and that the court erred in refusing to sustain the defendant's motion to advise the jury to acquit him. In his brief in arguing these questions the defendant insists that Al Edwards, who testified in the case that the defendant gave him the clothing to sell, was

an accomplice and therefore he was not sufficiently corroborated by the testimony in the record.

The contention of the defendant would be true if the facts sustained his contention, but here we find the condition unusual; we find on Friday evening both Edwards and Young at a rooming house, getting a room and spending the night together; that when they came in they brought a woman's hat box and left it with Mary Smith as security for their room rent. They both go away the next morning. Edwards claims that he did not see the defendant until he returned to the Smith rooming house on March 10, 1928; that the bundle he brought and put in the hat box had been given him by the defendant Young. Young returns to the Smith house, and he and the defendant get together again late in the evening of March 10th, and remain during the night. They again separate, and, when the defendant was arrested, he was in possession of recently stolen property of the colored woman Arthedia Fisher. We do not think the testimony in this case comes within the authorities cited by the defendant. Every circumstance in the case tends to connect the defendant Young with the burglary of the Stewart woman's home.

The defendant in this case had a fair and impartial trial. The court in its instructions fairly stated the law to the jury. It is unusual for strangers to get together and go to a rooming house together. The testimony in this case clearly shows that these two defendants were operating together and that the jury had before it sufficient evidence to sustain a verdict of guilty.

Other errors are urged by the defendant which do not possess sufficient merit to reverse this case.

The judgment and sentence is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.